Judge Roane.
The just principle laid down by this court in the case of Hoyle v. Young, 1 Wash. 152. that words should be understood by the courts in the sense in which they would be understood by the bystanders, notwithstanding there may be a possible sense in which they may be esteemed innocent, is sufficient to overrule ■ all the exceptions taken to the declaration in question in the appellee’s statement. But there is a fatal defect in the declaration ; that is, that it is not averred that the slanderous words were spoken of or concerning the plaintiff, or that they were spoken in any conversation or colloquium respecting her : nor do the words charged clearly import, in themselves, that they at all related to the plaintiff.(a)
The case deduced from the declaration is, therefore, no more than this, that the defendants, well knowing the plaintiff to be a virtuous woman, and intending to deprive her of her reputation, did, in the hearing of many persons, pronounce words which may as well relate to any other person as to the plaintiff; for any thing which is averred in the declaration, or any thing deducible from the words which are specified, in themselves. We cannot sustain this declaration, therefore, unless we are *195 prepared to say that A. may maintain an action of slander for words spoken of, or applied to, B., and which do mot, in themselves, plainly and necessarily relate to A.
On this ground I am for affirming the judgment.
Judge Cabell.
The words laid in the declaration, not being charged to have been spoken of or concerning the plaintiff, and there being nothing which can by fair construction apply them to her, I think the declaration incurably defective, and not sufficient to support the action. I am therefore for affirming the judgment of the district court. In giving this opinion, however, I wish it to be distinctly understood, that I do not mean to impugn the principle established in the -case of Hoyle v. Young, 1 Wash. 150.
Judge Fleming was of opinion that the declaration was incurably defective.
The judgment of the district court was, therefore, unanimously affirmed.

 6 Bac. Abr. Gwill. edit. 244.